IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
10/26/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

Kay Fridenstine, )
)
Plaintiff, )
)
v. ) Civil Action No. 5:26-cv-00052
)
Teddy J. Midkiff, )
)
Defendant. )

**MEMORANDUM OPINION**

Plaintiff Kay Fridenstine brings this action against Defendant Teddy Midkiff, *pro se*, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Fridenstine alleges that Midkiff improperly filed a lawsuit against her for the collection of an invalid debt in Richmond General District Court.

This matter is before the court on Midkiff's motion to dismiss for improper venue under Rule 12(b)(3), (Dkt. 3), and motion to dismiss for failure to state a claim under Rule 12(b)(6), (Dkt. 5). For the reasons below, the court will deny the motion to dismiss for improper venue and grant in part and deny in part the motion to dismiss for failure to state a claim.

## I. Background

The following facts are taken from Fridenstine's complaint and will be taken as true for the purpose of evaluating the Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court also considers "documents attached to the complaint, as well as

those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). Furthermore, in deciding the Rule 12(b)(3) motion, the court also considers evidence outside the pleadings such as exhibits attached to the filed motions and supporting briefs. *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365–66 (4th Cir. 2012).

Kay Fridenstine is a resident of Rockingham County, Virginia. (Compl. ¶ 9 (Dkt. 1).) On May 28, 2024, she entered into a contract with Richmond Window Corporation agreeing to pay $25,443 for various window installation projects. (Def.'s 12(b)(3) Ex. 1 at 2 (Dkt. 3-2).) Fridenstine signed the contract in Rockingham County. (Compl. ¶ 20.) This contract allegedly gave rise to a debt, the validity of which Fridenstine disputes. (*Id.* ¶ 19–20, 24–25.)

Teddy Midkiff is an attorney who practices under the business name "Midkiff Law" and regularly engages in the business of collecting consumer debts by filing collections lawsuits. (*Id.* ¶ 11–17.) On April 25, 2025, Midkiff sued Fridenstine on behalf of his client Richmond Window Corporation to recover a debt of $12,721. (*Id.* ¶ 23; Compl. Ex. A (Dkt. 1-2).) He filed this suit in Richmond City General District Court. (Compl. ¶ 23; Compl. Ex. A.) The General District Court dismissed the suit on July 17, 2025 when neither Richmond Window Corporation nor Midkiff appeared for a hearing. (Compl. ¶ 31–32; Compl. Ex. A.) Midkiff, again on behalf of Richmond Window Corporation, refiled the lawsuit in Richmond General District Court on August 14 or 15, 2025. (Def.'s 12(b)(3) Ex. 2 at 3 (Dkt. 3-3); Def.'s Reply Ex. 1, (Dkt. 10-2).) Richmond Window Corporation was awarded judgment against Fridenstine in that lawsuit on May 20, 2026. (Def.'s Reply Ex. 1.)

Fridenstine filed a complaint in this court on April 24, 2026. (Dkt. 1.) Count 1 alleges that Midkiff violated the FDCPA's venue provision, 15 U.S.C. § 1692i(a) by filing the collection suit in Richmond, which is neither where Fridenstine resides nor where the contract was signed. (*Id.* ¶ 36.) Count 2 alleges that Midkiff's suit in an improper venue and for an invalid debt constitutes false, deceptive, or misleading representations or means of collecting a debt under 15 U.S.C. § 1692e. (*Id.* ¶ 41–42.) And Count 3 alleges that suing in an improper venue for an invalid debt constitutes an unfair or unconscionable means of collecting debt under 15 U.S.C. § 1692f. (*Id.* ¶ 46–47.)

On May 20, 2026, Midkiff moved to dismiss for improper venue under Rule 12(b)(3). (Dkt. 3.) On the same day, he also moved to dismiss for failure to state a claim under Rule 12(b)(6). (Dkt. 5.) Fridenstine responded to both motions on June 3, 2026, (Dkts. 8, 9), and Midkiff replied on June 10, 2026, (Dkts. 10, 11).

## II. Standard of Review

### A. Rule 12(b)(3)

"On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Aggarao*, 675 F.3d at 365–66. The plaintiff need only make "a prima facie showing of proper venue in order to survive a motion to dismiss." *Id.* at 366. "In assessing whether there has been a prima facie venue showing, [the court] view[s] the facts in the light most favorable to the plaintiff." *Id.*

**B. Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). It does not "resolve contests surrounding the facts or the merits of a claim." *Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024) (internal quotation marks omitted) (quoting *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

While the filings of a *pro se* litigant are typically construed liberally, this lenient treatment is not afforded to attorneys who choose to proceed *pro se*. *See, e.g.*, *Rashad v. Jenkins*, No. 3:15-cv-655, 2016 WL 901279, at *3 (E.D. Va. Mar. 3, 2016) (collecting cases).

## III. Analysis

At the outset, the parties have confused the appropriate procedural vehicles for their arguments and the relevant legal standards. Therefore, the court will clarify the correct legal principles that govern this case.

### A. Subject-Matter Jurisdiction

In both of Midkiff's motions under Rules 12(b)(3) and 12(b)(6), he argues that the *Rooker-Feldman* doctrine requires the court to dismiss this case. (Def.'s Br. Supp. 12(b)(3) at 5 (Dkt. 4); Def.'s Br. Supp. 12(b)(6) at 4–7 (Dkt. 6).) These motions are procedurally defective because the *Rooker-Feldman* doctrine concerns jurisdiction, not venue or failure to state a claim. And *Rooker-Feldman* does not bar Fridenstine's FDCPA claims in any event.

The *Rooker-Feldman* doctrine places a limitation on the subject-matter jurisdiction of federal district courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (claims barred by *Rooker-Feldman* are "properly dismissed for want of subject-matter jurisdiction). Therefore, the appropriate vehicle to challenge subject-matter jurisdiction based on the *Rooker-Feldman* doctrine is a motion under Federal Rule of Civil Procedure 12(b)(1), not 12(b)(3) or 12(b)(6). *See, e.g.*, *Field v. Berman*, 526 Fed. App'x 287, 291–92 (4th Cir. 2013).

Even construing Midkiff's argument as a motion under 12(b)(1), *Rooker-Feldman* does not bar this case from federal court. The doctrine is "narrowly confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668, 688 (2026) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). Fridenstine's FDCPA claims do not ask the court to review or reject a judgment of the Richmond General District Court. She does not request, for example, that this court overturn the state court's debt judgment against her; rather, she alleges that Midkiff independently violated the FDCPA by filing the debt collection lawsuit in the first

place. *See Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). To grant Fridenstine relief under the FDCPA would not require the court to "determine that the state court judgment was erroneously entered or take action that would render the judgment ineffectual." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 317 (4th Cir. 2003) (citation omitted) (cleaned up). To the extent that Midkiff and Richmond Window Corporation have prevailed in their state court suit against Fridenstine, they are free to execute any state judgment against Fridenstine regardless of the outcome in her federal court FDCPA suit.[1]

In substance, Midkiff appears to be attempting to invoke issue preclusion, not *Rooker-Feldman*. For example, Midkiff argues that Fridenstine "already had her day in Court on the issue of Venue and the state court ruled that the forum selection clause was enforceable and that Midkiff was not a debt collector." (Def.'s Br. Supp. 12(b)(6) at 4.) But Midkiff failed to affirmatively raise issue preclusion as a defense and has not shown how any of the elements of preclusion have been satisfied. Furthermore, the only evidence that Midkiff provides that these issues were previously litigated appears to be an excerpt from a transcript from an unrelated hearing in which Midkiff himself references the state court's prior rulings. (*See* Def.'s 12(b)(3) Ex. 3 at 22–23 (Dkt 3-4).) "Claim preclusion and issue preclusion are not jurisdictional doctrines—they are affirmative defenses that a defendant must plead and prove." *Gift Surplus, LLC v. North Carolina ex rel. Cooper*, 605 F. Supp. 3d 711, 723 (M.D.N.C. 2022).

[1] Fridenstine requests injunctive relief to "enjoin[] Defendant from filing or pursing collection lawsuits against consumers in improper venues," (Compl. at 7.), but the FDCPA does not generally provide for injunctive relief in private consumer actions. *See, e.g.*, *Vitullo v. Mancini*, 684 F. Supp. 2d 760, 763 (E.D. Va. 2010) ("Congress has clearly indicated through the statutory structure that injunctive relief is an FDCPA remedy exclusive to the FTC.").

**B. Venue**

Midkiff argues that a forum-selection clause in Fridenstine's contract with Richmond Window Corporation requires dismissal under Rule 12(b)(3). (Def.'s Br. Supp 12(b)(3) at 4.) But Rule 12(b)(3) is the wrong vehicle to enforce a forum-selection clause. The Supreme Court laid out the governing framework in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013). "Rule 12(b)(3) allow[s] dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* at 55. "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

Fridenstine has properly laid venue in the Western District of Virginia. She resides in Rockingham County and alleges that she signed the contract with Richmond Window Corporation there. (Compl. ¶¶ 9, 19–20.) This contract is the basis of the disputed debt and subsequent collection lawsuit, which gave rise to Fridenstine's FDCPA claims. (*Id.* ¶¶ 19–25.) Therefore, she has sufficiently alleged that "a substantial part of the events or omissions giving rise to [her] claim[s]" occurred in this judicial district under 28 U.S.C. § 1391(b)(2). "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case

filed in a district that falls within § 1391 may not be dismissed under . . . Rule 12(b)(3)." *Atl. Marine Constr. Co.*, 571 U.S. at 56.

In federal court, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 60. Midkiff has failed to invoke *forum non conveniens* or show how the *forum non conveniens* factors favor enforcement of the forum-selection clause. Had he done so, the forum-selection clause would have been "given controlling weight in all but the most exceptional cases" and "the plaintiff [would bear] the burden of proving why it should not be enforced." *See BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470–71 (4th Cir. 2018) (citation omitted). But even assuming the clause is enforceable, it would not govern Fridenstine's FDCPA suit. In particular, the clause reads:

> Venue for any action *brought to enforce the terms of this Agreement or for a breach thereof* shall be filed in the Courts for the City of Richmond, Virginia; and, the Buyer consents to such venue and waives any objections to such venue including without limitation any and all claims based upon forum non conveniens.

(Def.'s 12(b)(3) Ex. 1 at 10) (emphasis added). Fridenstine's FDCPA suit against Midkiff is not an "action brought to enforce the terms" of her contract with Richmond Window Corporation. Nor is she bringing a suit for breach of the contract. While the forum-selection clause plainly applies to Richmond Window Corporation's warrant in debt suit in Richmond General District Court against Fridenstine, Midkiff does not explain how the clause covers Fridenstine's FDCPA suit against *him* in *this* court.

Given that venue is proper and Midkiff failed to invoke *forum non conveniens*, the court need not decide whether the clause is enforceable or whether section 1692i(a) of the FDCPA may be waived by contract.[2] The court will deny Midkiff's 12(b)(3) motion to dismiss.

**C. Failure to State a Claim**

Midkiff asserts that Fridenstine failed to state a claim under Rule 12(b)(6). The court agrees as to Counts 2 and 3, but not Count 1, of the complaint.

"A *prima facie* case for violation of the FDCPA requires plaintiff to show three elements: (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; (3) the defendant has violated by act or omission a provision of the FDCPA." *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997).

Fridenstine has sufficiently alleged that she was a "consumer" under 15 U.S.C. § 1692a(3). She is a natural person who incurred a debt primarily for personal, family, or household purposes. (Compl. ¶¶ 9–10, 19.) Midkiff is also a "debt collector" for the purposes of the statute, because the FDCPA applies to attorneys filing lawsuits to collect the debts of their clients. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 230–31 (4th Cir. 2007). "In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts." *Heintz v.*

[2] Fridenstine quotes *Nielsen v. Dickerson*, 307 F.3d 623, 641 (7th Cir. 2002), for the statement that "the FDCPA's requirements . . . cannot be waived by contract." (Pl.'s Br. Opp. 12(b)(3) at 9 (Dkt. 9).) Upon the court's review, this quote does not appear anywhere in the cited case. Indeed, the case does not discuss waiver at all. The court reminds counsel of their obligation under Rule 11 to ensure that "the claims, defenses, and other legal contentions [contained in a pleading or motion] are warranted by existing law . . . ." Fed. R. Civ. P. 11(b)(2). Inventing non-existent quotes and mischaracterizing case law contravenes this obligation and attorneys' duty of candor to the court.

*Jenkins*, 514 U.S. 291, 294 (1995). Fridenstine has adequately alleged that Midkiff (1) "is engaged in the business of collecting consumer debts" owed to others, (2) "regularly collects or attempts to collect" such debts, and (3) holds himself "out to be a debt collector" on his law firm website. (Compl. ¶¶ 12–17.) Therefore, Midkiff is a debt collector within the meaning of the FDCPA.[3] *See* 15 U.S.C. § 1692a(6).

Since the first two elements have been satisfied, the court must now determine whether Fridenstine has plausibly alleged that Midkiff violated each of the three FDCPA provisions she identifies in her complaint.

1. Venue in Legal Actions

Fridenstine has plausibly alleged a violation of the FDCPA's venue provision. 15 U.S.C. § 1692i(a). The provision provides that "[a]ny debt collector who brings any legal action on a debt against any consumer" will "bring such action only in the judicial district" where the consumer "resides at the commencement of the action" or where the consumer "signed the contract sued upon."[4] *Id.* Midkiff does not dispute that Fridenstine resided in Rockingham County at the commencement of her FDCPA suit nor that the contract was signed in Rockingham County. Nor is there any dispute that Midkiff filed the debt action in Richmond General District Court. Therefore, Fridenstine has adequately pled a violation of 15 U.S.C. § 1692i.

[3] Midkiff's only argument to the contrary is that *Rooker-Feldman* bars Fridenstine from asserting that he is a debt collector because the state court already ruled otherwise. (Def.'s Br. Supp. 12(b)(6) at 4–5.) But the court has already explained why *Rooker-Feldman* is inapposite, and Midkiff does not argue that issue preclusion applies to the state court's alleged prior ruling. Nor does Midkiff provide any explanation of the grounds for the state court's alleged ruling.

[4] The statute provides further that suits enforcing real property interests must be brought in the judicial district where the real property is located. 15 U.S.C. § 1692i.

2. <u>False or Misleading Representations</u>

Fridenstine alleges that Midkiff used "false, deceptive, or misleading representation[s] or means in connection with the collection of [her] debt." 15 U.S.C. § 1692e. She points to two actions by Midkiff constituting false or misleading representations: filing the lawsuit in an improper venue and filing a lawsuit on an invalid debt. (Compl. ¶¶ 41–42; Pl.'s Br. Opp 12(b)(6) at 6–7 (Dkt. 8).)

Fridenstine essentially contends that violating the FDCPA venue provision is, by itself, a false or misleading representation. But she does not explain how filing a lawsuit in an improper venue constitutes a false, deceptive, or misleading "representation." All of the examples listed in section 1692e involve various forms of false or misleading *communications* made by debt collectors. *See* 15 U.S.C § 1692e(1)–(16) (listing, for example, threats, written communications, representations, and implications regarding debt). Furthermore, Fridenstine fails to specify how the act of filing a lawsuit in Richmond General District Court deceived or misled her. Accepting Fridenstine's argument would also mean that every violation of section 1692i, which concerns *where* a debt collection suit must be filed, would somehow also constitute a violation of section 1692e. Collapsing the two unrelated provisions in this way would render section 1692i useless. There is no reason to think that Congress intended this result. "[A] statute should be construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage." *Fontenot v. Taser Int'l, Inc.*, 736 F.3d 318, 327 (4th Cir. 2013) (quotation omitted).

Nor has Fridenstine adequately alleged that Midkiff sued on an invalid debt. While she contests the validity of the debt in her complaint, (Compl. ¶¶ 25, 42, 47), she provides no factual allegations to demonstrate how or why the debt is invalid. Fridenstine also argues that filing lawsuits without meaningful attorney review violates section 1692e if it misleads the consumer into believing that an attorney has reviewed the case when no review occurred. (Pl.'s Br. Opp. 12(b)(6) at 6–7.) However, her complaint does not plead any facts that would establish a lack of attorney review, nor does she allege that she was misled into believing that there had been meaningful attorney review. *See Richardson v. Midland Funding, LLC*, No. CCB-13-1356, 2013 WL 6719110, at *8 (D. Md. Dec. 18, 2013). Instead, Fridenstine's sole basis for alleging that Midkiff did not perform a meaningful attorney review is the fact that he filed the collection lawsuit for an invalid debt. (Compl. ¶ 25.) But this conclusion assumes the premise that the debt was invalid in the first place, which Fridenstine has not sufficiently alleged. Therefore, Fridenstine has not adequately alleged a violation of 15 U.S.C. § 1692e.

3. Unfair Practices

Lastly, Fridenstine alleges that Midkiff "use[d] unfair or unconscionable means to collect or attempt to collect [her] debt" in violation of 15 U.S.C. § 1692f. The specific practices she identifies are, again, filing the lawsuit in an improper venue and filing a lawsuit on an invalid debt. (Compl. ¶¶ 46–47; Pl.'s Br. Opp 12(b)(6) at 8.)

This claim suffers from the same defects as Count 2. If every violation of the FDCPA venue provision also constituted an unfair practice under section 1692f, then section 1692i would be rendered useless or redundant. And Fridenstine does not plausibly allege facts

establishing that her debt was invalid. Thus, Fridenstine has not adequately alleged a violation of 15 U.S.C. § 1692f.

## IV. Conclusion

For the reasons stated, the court **DENIES** Midkiff's 12(b)(3) motion to dismiss. The court **GRANTS in part** and **DENIES in part** Midkiff's 12(b)(6) motion to dismiss. The motion is **DENIED** as to Count 1. The motion is **GRANTED** as to Counts 2 and 3. Counts 2 and 3 are **DISMISSED without prejudice**.

The court grants Fridenstine leave to file an amended complaint only as to Counts 2 and 3 within 21 days of the court's forthcoming order. If no amendment is filed, then only Count 1 of the complaint will proceed.

An appropriate Order will issue.

**ENTERED** this 26th day of October, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE